JaVonne M. Phillips, Esq. SBN 187474
Merdaud Jafarnia, Esq. SBN 217262
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (877) 369-6122
Fax (619) 685-4811

Attorneys for Movant, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2005-I by and through its servicing agent Bank of America, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re: | ) Case No. 15-43128 WJL |
| | ) |
| Adrienne Lynnette Geeter, | ) Chapter 13 |
| | ) |
| Debtor. | ) |
| | ) **STIPULATION** |
| | ) |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2005-I by and through its servicing agent Bank of America, N.A., its assignees and/or successors in interest, | ) |
| Secured Creditor, | ) |
| v. | ) |
| Adrienne Lynnette Geeter, Debtor(s); MARTHA G. BRONITSKY, Trustee, | ) |
| Respondents. | ) |

1

Movant, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2005-I by and through its servicing agent Bank of America, N.A. ("Movant") and Debtor, Adrienne Lynnette Geeter, ("Debtor") by and through their attorney's of record STIPULATE as follows:

1. The real property located 5613 Leitrim Way, Antioch, California 94531 is part of the Bankruptcy estate. Bank of America is holder of the second lien on the subject property. The parties stipulate that the subject property is valued at $420,000.00.

2. Bank of America claim shall be allowed as a non-priority general unsecured claim and shall be paid as such in accordance with the Debtor's Chapter 13 Plan.

3. The avoidance of Bank of America second lien is contingent upon the Debtor's completion of the Chapter 13 plan or the Debtor's receipt of a Chapter 13 discharge.

4. Upon entry of a discharge in Debtor's chapter 13 case or completion of the confirmed plan, the Lien shall, without further court order, entirely, permanently, and for all purposes be void and unenforceable. Bank of America, its assignees, transferees or other successor in interest, shall then promptly deliver to the Debtor a full reconveyance of the extinguished lien in proper form for recording.

5. If Debtor's chapter 13 case is dismissed or converted to one under another chapter before Debtor obtains a discharge or completes her chapter 13 plan, this order shall cease to be effective and the Lien shall be retained to the extent recognized by applicable nonbankruptcy law, and upon application by the Lienholder, the court will enter an appropriate form of order restoring the Lien.

6. Except as provided by separate, subsequent order of this court, the Lien may not be enforced so long as this order remains in effect.

7. Each party shall bear their own attorney's fees and costs incurred in the present case number.

8. In the event that the property is destroyed or damaged prior to the Debtor's completion of the Chapter 13 plan, pursuant to the mortgage, Bank of America is entitled to its full rights as

a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage.

9. In the event that any entity, including the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Creditor's lien prior to the Debtor's completion of the Chapter 13 plan, Bank of America's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.

10. Bank of America shall retain its lien for the full amount due under the subject loan should the subject property be sold, or should a refinance take place prior to the Chapter 13 plan completion ~~and~~ or entry of a Discharge.

Dated: December 3, 2015

                                                    Law Offices of Patrick L. Forte

*As Amended on pg. 3*

                                                    By:   /s/ Anne Y. Shiau, Esq.
                                                              Anne Y. Shiau, Esq.
                                                              Counsel for Debtor

Dated: <u>December 04</u>, 2015          McCARTHY HOLTHUS LLP

                                                      By:   /s/ Merdaud Jafarnia, Esq.
                                                              Merdaud Jafarnia, Esq.
                                                              Counsel for Creditor